IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE T. LOVELY-TREJO,

    Plaintiff,                      NO. CIV. S-09-1474 KJM-GGH

    vs.

WINCO HOLDINGS, INC., et al.,

    Defendants.                ORDER

_____/

        Under 28 U.S.C. §1367(c), a court may decline to exercise supplemental jurisdiction in a case where it has dismissed all of the claims over which it has original jurisdiction. "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S.Ct. 1862, 1866 (2009); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims. . .").

/////

/////

1

"When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994); *Wren v. Sletten Constr. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim[s].") (per curiam).  In *Carnegie-Mellon Univeristy v. Cohill*, the United States Supreme Court stated "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." 484 U.S. 343, 350 (1988).

This case was removed to federal court by defendants based on preemption of plaintiff's fifth cause of action for breach of the covenant of good faith and fair dealing with respect to an unidentified oral contract.  (*See* ECF 1 at 14-15.)  Removal on this basis is dubious in the first instance, given there is nothing within this cause of action as pled that asserts a violation of a right provided by a collective bargaining agreement or requires the court to consider and interpret a collective bargaining agreement.  *See, e.g., Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1058-60 (9th Cir. 2007) (explaining two-step process for analyzing preemption claims based on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185); *Jacobs v. Mandalay Corp.*, 378 F. Ap'px. 685, 687 (9th Cir. 2010) (same).  In any event, plaintiff has now conceded that her cause of action for breach of the covenant of good faith and fair dealing should be summarily adjudicated against her.  (ECF 22 at 6.)  As such, the basis for removal jurisdiction is extinguished.  The court declines to exercise supplemental jurisdiction over the remaining claims, assuming jurisdiction was ever proper.

1   This case is REMANDED to Shasta County Superior Court and this case is
2  CLOSED.
3   IT IS SO ORDERED.
4  DATED: February 3, 2012.

_____
UNITED STATES DISTRICT JUDGE